# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2006 | **DATE** | May 5, 2011 |
| **CASE TITLE** | Jimi P. McDonald (B05692) vs. Judge Stephen D. White, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $4.07 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Lawrence Correctional Center. The complaint (Dkt. No. 1), is dismissed on initial review pursuant to 28 U.S.C. § 1915A as legally frivolous. Plaintiff is assessed a strike for bringing this frivolous action under 28 U.S.C. § 1915(g).

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

   Pro se plaintiff Jimi P. McDonald, presently an inmate at the Lawrence Correctional Center, has brought a civil rights complaint pursuant to 42 U.S.C. § 1983 challenging his treatment in the Circuit Court of Will County regarding the failure to return his bond money. Pending before the Court are McDonald's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No.1), and motion for appointment of counsel (Dkt. No. 4).

   Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $4.07. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

   Turning to the initial review of plaintiff's complaint, (Dkt. No. 1), the Court is required to dismiss a suit brought *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts as true all facts alleged and all reasonable inferences are made in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings

drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)). "To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original). "Any written instrument attached to the complaint is considered part of the complaint." *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005) (citing FED. R. CIV. P. 10(c)).

In 2003, then Chief Judge Stephen D. White of the Circuit Court of the Twelfth Judicial Circuit, County of Will, signed administrative order No. 03-17 Bond Application. (Dkt. No. 1 at 25). (White is no longer the Chief Judge of Will County but plaintiff claims that the order remains in effect). The administrative order requires the Will County Circuit Court clerk's office to conduct a review of court records for any outstanding fees or fines in other cases in the county before refunding bond moneys to a party. (*Id.*). The clerk is required to apply the bond amount towards the fines and fees prior to refunding any balance. (*Id.*). A party receives notice prior to any application of the bond amount towards the fines and fees and may contest the issue in a motion before the Court. (*Id.*).

Plaintiff claims that in 2005, he pled guilty in two cases. (*Id.* at 5). The agreement required, among other points, that his bail money be returned to him. (*Id.*). This did not occur because the Will County Clerk of Court took the money under the administrative order and applied it to outstanding fees and fines in other cases. (*Id.*). This occurred a second time in a different case in 2009. Plaintiff has attached the docket sheet from his state proceedings showing that the bonds funds were used to pay outstanding fees and fines. (*Id.* at 26).

Plaintiff also includes correspondence from the Will County Clerk's Office informing him that his bond money has been used against an outstanding fine and fee. (Dkt. No. 1 at 35-38). The state court docket sheet also shows that plaintiff raised the issue during the state court proceedings, and was informed that his bond money had been used to pay the fines and fees in other cases. (*Id.* at 32).

Plaintiff alleges that his federal and state rights were violated by the alleged wrongful taking of his bond money under administrative order No. 03-17. He sues Judge White who instituted the original order in 2003, the Clerk of the Will County Circuit Court Pamela McGuire, his public defender in the 2009 case, Jason Strzelecki, and Will County.

Plaintiff's case must be dismissed for a number of reasons. First, his case is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* prohibits a plaintiff from proceeding with a § 1983 case when a judgment in that case would "'necessarily imply' the invalidity of his conviction." *Skinner v. Switzer*, 131 S. Ct. 1289, 1298 (2011) (quoting *Heck*, 512 U.S. at 487). Plaintiff argues that his bond money should not have been used to pay his fines and fees from his other criminal cases. The state court explicitly addressed this point in 2009 informing him that he owed his fines and fees and that the bond money could use used in this manner. Notably, plaintiff does not admit at any point that he even owes the fines and fees. Plaintiff conceivably could avoid *Heck* by stating that he recognizes that state court judgments imposing the fines and

| STATEMENT |
|---|

fees, but is only challenging the use of his bond money. However, he does not do this. He wants his bond money back and seems to want to stick the County with the unpaid fines and fee bill. This would effectively allow him to overturn the fine and fee judgment against him and so providing him relief would run afoul of *Heck*.

For completeness purposes, the Court notes that plaintiff's case is barred under a number of additional reasons. He claims that his bond money was wrongfully taken from him in two separate cases in 2005 and 2009. He did not file his present case until 2011, and so he will run into a statute of limitations for the 2005 case. The Court must borrow the applicable state statute of limitations and apply it in a Section 1983 case. *Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009) (citing *Owens v. Okure*, 488 U.S. 235 (1989); *Wilson v. Garcia*, 471 U.S. 261 (1985)). Illinois has a five year statute of limitations for the improper conversion of personal property and this can apply to the wrongful taking of money in certain situations. 735 ILCS 5/13-205; *see Horbach v. Kaczmarek*, 288 F.3d 969, 978 (7th Cir. 2002); *In re Thebus*, 483 N.E.2d 1258, 1260 (Ill. 1985). The statute of limitations defense is clear from the face of the complaint for plaintiff's 2005 claims and so this is an additional reason for dismissal. *See Best v. City of Portland*, 554 F.3d 698, 700 (7th Cir. 2009) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002)) ("[A] district court can raise an affirmative defense *sua sponte* when a 'valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous.'").

Any claims against Judge White and Clerk McGuire are barred by immunity. Judge White has absolute immunity for his judicial actions. *See Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005); *Snyder v. Nolen*, 380 F.3d 279, 285 n.5 (7th Cir. 2004) (per curiam) (citing *Mireles v. Waco*, 502 U.S. 9, 12-13 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Bradley v. Fisher*, 80 U.S. 335 (1871)). Clerk McGuire also receives absolute immunity because plaintiff allegations mean that her actions were "'undertaken pursuant to the explicit direction of a judicial officer,'" namely, the challenged administrative order. *Snyder*, 380 F.3d at 287 (quoting *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)).

Finally, plaintiff's underlying claim is meritless. He does not dispute that he owes the fines and fees. He also does not dispute that he received a significant amount of process in state court. He was tried in the state court before any fines or fees were imposed. He was able to raise the issue before the state court. He was notified after the fines and fees were applied by the clerk to his other cases and given an opportunity to contest any erroneous allocations should the clerk have made any errors. There is no possible constitutional violation in this case. The Court relinquishes supplemental jurisdiction of any state law claims. 28 U.S.C. § 1367(c). His case is dismissed. His motion for appointment of counsel, (Dkt. No. 4), is denied as moot.

Plaintiff is assessed a strike for bringing this frivolous action under 28 U.S.C. § 1915(g) because it "lacks an arguable basis in law." *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). He is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of the prior three strikes will result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859.

| STATEMENT |
|---|

If plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal, *see* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

In summary, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $4.07 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Lawrence Correctional Center. The complaint (Dkt. No. 1), is dismissed on initial review pursuant to 28 U.S.C. § 1915A as legally frivolous. Plaintiff is assessed a strike for bringing this frivolous action under 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel, (Dkt. No. 4), is denied as moot. Civil Case Terminated.

*Wm. J. Hibbler* (signature)